IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KENNETH DANIEL PALMER, #224480 | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. JKB-15-1586 |
| POLICE OFFICER ROBERT GRIFFITH | * | |
| POLICE OFFICER ANDREW SECKENS | | |
| Defendants. | * | |
| | ***** | |

MEMORANDUM

**I. Background**

On June 1, 2015, plaintiff Kenneth Daniel Palmer ("Palmer") filed a Fourth Amendment complaint against Baltimore County Police Officers Griffith and Seckens pursuant to 42 U.S.C. § 1983, seeking compensatory and punitive damages. Palmer claimed that the officers falsely charged, arrested, and imprisoned him on theft and assault offenses in July of 2012. ECF No. 1.

On September 9, 2015, counsel for defendants filed an unopposed[1] motion to dismiss, or in the alternative, for summary judgment, construed as a motion for summary judgment. ECF Nos. 12 & 17. The motion may be determined on the pleadings and shall be granted without oral hearing. *See* Local Rule 105.6 (D. Md. 2014).

**II. Standard of Review**

Summary judgment is proper when the moving party demonstrates through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

---

[1] The record shows that on September 11, 2015, Palmer was served with notice of the dispositive motion filing pursuant to the requirements of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of Greensboro,* 714 F.3d 828, 833-34 (4th Cir. 2013). If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute exists as to material facts. *See Celotex v. Catrett,* 477 U.S. 317 (1986). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251 (1986).

The "judge's function" in reviewing a motion for summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. If "the evidence is such that a reasonable jury could return a verdict" for the non-moving party, there is a dispute of material fact that precludes summary judgment. *Id.* at 248. Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial. *Id.* at 256.

### III. Discussion

**Facts**

Palmer states that on July 20, 2012, Police Officers Robert Griffith and Andrew Seckens falsely charged, arrested, and imprisoned him for theft under $1,000.00 and second-degree assault which purportedly occurred at a Walmart Store in Baltimore County. He claims that the police reports acknowledge that he had "never been in the Walmart store on that day" and that only a "Ms. Jackson…had perpetrated the alleged theft crime alone," but she was released from police custody. ECF No. 1. Palmer further alleges that the assault charge detailed in the report was false as he did

---

ECF No. 13. No opposition or response was filed.

not push a security officer at the Walmart store as alleged. He contends that on January 25, 2013, the charges were nolle prossed. ECF No. 1. Palmer additionally claims that the charges were maliciously filed to cause a violation of probation. *Id*.

In their unopposed summary judgment motion, defendants affirm that on July 20, 2012, Officer Seckens was dispatched to the Walmart Store for report of a theft and assault. Crystal McClurkin, a loss prevention officer for the store, advised Seckens that she had observed a black female, subsequently identified as Arnette Yolanda Jackson, placing several items of store merchandise in her purse. Jackson was observed walking past several working cash registers and exiting the store without paying for the items in her purse. When McClurkin attempted to stop Ms. Jackson outside the store, Jackson began to yell and scream and cause a scene. McClurkin stated that she had retrieved some of the stolen merchandise from Jackson when Palmer, identified by his Maryland State Identification card, drove up, exited the vehicle, began to yell at McClurkin, pushed her away from Jackson, and forcefully removed the stolen store merchandise McClurkin had retrieved from Jackson. ECF No. 12-2. Both Palmer and Jackson "jumped" into the vehicle and sped off in an unknown direction.

Officer Seckens obtained descriptions of Jackson, Palmer, and the vehicle from McClurkin. He additionally recovered a notepad dropped by Jackson during her encounter with McClurkin officer, which had the addresses of the Walmart and Food Lion stores located in the surrounding communities. The notepad also contained a list of items which Seckens deemed to be "commonly stolen by frequent shoplifters that can be quickly sold for profit." Seckens requested that a "BOLO" ("be on the lookout") advisory be issued for the suspects and vehicle. *Id.*; *see also* ECF No. 12-5, Seckens Aff.

Officer Griffith monitored the lookout for the suspects and vehicle. While patrolling a Food Lion grocery store in a surrounding area, Griffith observed the identified vehicle, stopped it, and identified Palmer and Jackson as the respective driver and passenger. Griffith requested that Seckens respond to the location. ECF No. 12-2: ECF No. 12-6, Griffith Aff.

Seckens and McClurkin responded to the location and McClurkin positively identified Jackson as the person she had observed stealing the store merchandise. She further identified Palmer as the person who assaulted her and took the recovered stolen merchandise from her. Seckens placed Jackson and Palmer under arrest. Seckens observed multiple soap bottles of different brands and an Exacto knife in the vehicle. *Id.*; *see also* ECF No. 12-5, Seckens Aff. The soap bottles and knife were identified by McClurkin as merchandise stolen from the Walmart. The total amount of stolen merchandise recovered by Officer Seckens from the vehicle was $238.72. *Id*.

Palmer was charged with driving without a required license, theft, and second-degree assault. ECF No. 12-3; ECF No. 12-5. Jackson gave a statement admitting to the theft of the Walmart merchandise. She was processed and released due to "serious health issues," but was subsequently charged by criminal complaint with theft. ECF No. 12-5, Seckens Aff.

On January 25, 2013, the State's Attorney's Office for Baltimore County entered a *nolle prosequi* to all charges filed against Palmer. On May 27, 2014, the States' Attorney's Office for Baltimore County entered a *nolle prosequi* to the theft charge leveled against Jackson. *Id*.

**Legal Analysis**

"[T]he Fourth Amendment right to be arrested only on probable cause is clearly established ..." *Smith v. Reddy,* 101 F.3d 351, 356 (4th Cir. 1996). As a general rule, in cases involving a seizure of a person, the standard of "reasonableness" typically is satisfied by a showing that the

police had probable cause to conclude that the individual seized was involved in criminal activity. *Dunaway v. New York,* 442 U.S. 200, 213–14 (1979). This standard of probable cause constitutes "the minimum justification necessary to make the kind of intrusion involved in an arrest 'reasonable' under the Fourth Amendment." *Id.* at 208. "[A]n official seizure of the person must be supported by probable cause, even if no formal arrest is made." *Michigan v. Summers,* 452 U.S. 692, 696 (1981) (citing *Dunaway,* 442 U.S. at 212–13). Probable cause is determined at the time of arrest. *See Pritchett v. Alford,* 973 F.2d 30, 312 (4th Cir.1992) (stating that inquiry should be made based on the information possessed by the officer at the time of the arrest). The government bears the burden of demonstrating that a warrantless seizure is reasonable. *See Welsh v. Wisconsin,* 466 U.S. 740, 749–50 (1984); *Vale v. Louisiana,* 399 U.S. 30, 35 (1970); *United States v. Jeffers,* 342 U.S. 48, 51 (1951).

Probable cause is evaluated by the totality of the circumstances, and it is a "practical, nontechnical conception." *Illinois v. Gates,* 462 U.S. 213, 230–31 (1983); *Brinegar v. United States,* 338 U.S. 160, 175–76 (1949). Moreover, it is "a fluid concept - turning on the assessment of probabilities in particular factual contexts - not readily, or even usefully, reduced to a neat set of legal rules." *Illinois,* 462 U.S. at 232.[2]

---

[2]  In analyzing the reasonableness of a seizure that is not supported by probable cause, courts are required to evaluate "the law enforcement interest and the nature of the 'articulable facts' supporting the detention." *See Summers,* 452 U.S. at 702. This analysis entails a balancing test because, under the Fourth Amendment, "reasonableness 'depends on a balance between the public interest and the individual's right to personal security free from arbitrary interference by law officers.'" *United States v. Stanfield,* 109 F.3d 976, 979 (4th Cir. 1997) (quoting *Pennsylvania v. Mimms,* 434 U.S. 106, 109 (1977)) (other citations omitted). Thus, to determine whether Palmer's seizure and continued detention were reasonable, "we [must] balance[ ] the intrusion on [Palmer's] Fourth Amendment interests against [the] promotion of legitimate governmental interests." *Maryland v. Buie,* 494 U.S. 325, 331 (1990) (citations omitted); *see also United States v. Legg,* 18 F.3d 240, 245 (4th Cir. 1994) (citing *Buie* ).

In the particular factual context presented in this case, there is no material factual dispute as to whether probable cause existed for arrest to preclude the granting of summary judgment on Palmer's false arrest claim under the Fourth Amendment.  The Court concludes that defendants' reliance on facts known at the time of the arrest provided them probable cause to support Palmer's arrest and charges. Palmer's legal conclusion that the charges were nullified does not support his Fourth Amendment claim as a *nolle prosequi* does not automatically provide evidence of lack of probable cause.[3]  *See Fisher v. Matthews*, 792 F. Supp. 2d 745, 776 ( M.D. Pa. 2011) (simply because charges filed against Plaintiff were *nolle prossed* and withdrawn when plaintiff's case was before the county court, does not necessarily show that defendants lacked probable cause to arrest and to issue the criminal complaint against plaintiff).  Palmer has failed to show that the charges were filed without probable cause.[4]

**IV.  CONCLUSION**

Defendants' motion, treated as a motion for summary judgment, shall be granted.  A separate Order shall be entered reflecting the ruling entered in this decision.

Date: October 16, 2015                                         /s/
                                                              James K. Bredar
                                                              United States District Judge

---

[3]    The state court docket shows that Palmer's charges were nolle prossed on January 25, 2013. *See State v. Palmer*, Case No. 03K12005536 (Circuit Court for Baltimore County).

[4]    In light of this court's finding regarding Palmer's constitutional claims against defendants, it need not address their qualified immunity argument.